FILED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT COURT OF VIRGINIA
(Alexandria Division)

2011 JUN -3 ⊓ 4: 43

CLERK US DISTRICT COURT
ALEXANDRIA. VIRGINIA

| | |
|---|---|
| JORGE LEONEL RAYMUNDO CRUZ, | ) |
| | ) |
| RAMON RAYMUNDO LOPEZ, | ) |
| | ) |
| WILDER ORLANDO ESCOBAR RAYMUNDO, | ) |
| | ) |
| LUIS ALBERTO LOPEZ CONTRERAS, | ) |
| | ) |
| BYRON R. LOPEZ, | ) |
| | ) |
| EDGAR E. ALAY LOPEZ, | ) |
| | ) |
| JOSE LUIS ESQUIVEL HERNANDEZ, | ) |
| | ) |
| NERY ALFREDO LOPEZ YANES, | ) |
| | ) |
| POLICARPO MARQUEZ, | ) |
| | ) |
| MILTON RENE TEO GONZALEZ, | ) |
| | ) |
| GILMER LOPEZ CRUZ, | ) |
| | ) |
| YURI ALEXANDER LOPEZ LOPEZ, | ) |
| | ) |
| WALDEMAR ALONZO GUZMAN, | ) |
| | ) |
| FRANCISCO ARMANDO RAYMUNDO CRUZ, | ) |
| | ) |
| CARLOS ROBERTO ESQUIVEL RAMIREZ, | ) |
| | ) |
| ROMEO RAYMUNDO LOPEZ, | ) |
| | ) |
| GUILLERMO RODRIGUEZ, | ) |
| | ) |
| RONY MISAEL LOPEZ CONTRERAS, | ) |
| | ) |
| JUAN MISAEL CARIAS, | ) |
| | ) |
| EDWIN ARTURO CRUZ, | ) |
| | ) |
| and | ) |
| | ) |

CA No.: 1:11CV612
TSE/TCB

**JURY TRIAL
DEMANDED**

1

JAIME DONAI RAYMUNDO CARILLO,                                    )
                                                                )
Plaintiffs,                                                     )
                                                                )
        v.                                                      )
                                                                )
                                                                )
VERIZON MARYLAND INC.,                                          )
                                                                )
SERVE:      THE CORPORATION                                     )
            TRUST INCORPORATED                                  )
            351 WEST CAMDEN STREET                              )
            BALTIMORE, MD 21201                                 )
                                                                )
NTI, LLC,                                                       )
                                                                )
SERVE:      GREGORY HINKLEMAN                                   )
            988 FOREST DRIVE                                    )
            ARNOLD, MD 21012                                    )
                                                                )
                                                                )
ALL IN ONE CONTRACTOR INC.,                                    )
                                                                )
        formerly known as                                      )
                                                                )
KING DECK HOME IMPROVEMENT INC.,                               )
                                                                )
SERVE:       JOSE RICARDO CHAVEZ MENDOZA                        )
            42 ACADIA ST,                                       )
            STAFFORD, VA 22554                                  )
                                                                )
and                                                             )
                                                                )
JOSE RICARDO CHAVEZ MENDOZA,                                    )
                                                                )
SERVE:      JOSE RICARDO CHAVEZ MENDOZA                         )
             42 ACADIA ST.                                      )
            STAFFORD, VA 22554                                  )
                                                                )
Defendants.                                                    )
_____                                 )

## COMPLAINT

Plaintiffs, by and through undersigned counsel, allege as follows:

## I.   INTRODUCTION

1.     This action is brought by workers on Verizon's Fiber-Optic Service (FiOS) project, both individually and on behalf of all similarly-situated employees (collectively, "Plaintiffs") of Defendants, joint employers of Plaintiffs.  Plaintiffs complain that Defendants engaged in a pattern or practice of unlawful conduct that resulted in violations of their rights under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. §§ 3-401 *et seq.*, and the Maryland Wage Payment and Collection Act, Md. Code Ann., Lab. & Empl. §§ 3-501 *et seq.* On information and belief, entities affiliated with Defendant Verizon Maryland Inc. (hereinafter "Verizon") have, in connection with the FiOS project, organized and orchestrated widespread violations of the FLSA virtually identical to those alleged herein throughout the Commonwealth of Virginia and the State of Maryland. Accordingly, the conduct of Verizon as alleged herein was intentional and willful within the meaning of the FLSA.

2.     Defendants, who are all joint employers of Plaintiffs, employed Plaintiffs to dig trenches and install fiber-optic cable conduit and related equipment for the benefit of Verizon in various communities throughout Maryland.  Plaintiffs bring this action for declaratory, injunctive and monetary relief for Defendants' willful failure to pay them wages due for work performed.

3.     All work Plaintiffs performed for Defendant All In One Contractor Inc., formerly known as King Deck Home Improvement Inc., (hereinafter "King Deck") was exclusively in connection with Defendant Verizon's FiOs project. Furthermore, all Plaintiffs were employed on

a permanent and full-time basis by the joint employers during the periods of their employment. The work performed by Plaintiffs benefited all Defendants.

4.     In general, Plaintiffs are individuals who have limited proficiency in English and are unfamiliar with the labor protections provided by federal and Maryland law. Defendants exploited Plaintiffs' indigence, inability to speak or understand English, and lack of understanding of the laws of the United States to unlawfully underpay them and deny payment completely during certain pay periods.

5.     Plaintiffs bring this action individually and as a collective action under the FLSA, 29 U.S.C. §§ 206, 207, and 216(b), on behalf of a class of similarly-situated employees of Defendants, to recover unpaid minimum wages, unpaid overtime compensation, liquidated damages or interest, attorneys' fees, and costs for Defendants' willful failure to pay them the minimum wage for all hours worked and "time and one-half" their regular rate for all hours worked in excess of 40 hours per week.

6.     Plaintiffs also bring claims individually and as a class action under Fed. R. Civ. P. 23, on behalf of a class of similarly-situated employees of Defendants, to recover unpaid minimum wages, unpaid straight time compensation, unpaid overtime compensation, interest, attorneys' fees, costs, and treble damages under the Maryland Wage Payment and Collection Act, MD. Code. Ann., Lab & Empl. §§ 3-502, 3-503, 3-504, 3-505 and 3-507.1, and the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. §§ 3-413, 3-415 and 3-427.

## II.     JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 (federal question jurisdiction), 29 U.S.C. §216(b) (FLSA), and 28 U.S.C. § 1367 (supplemental jurisdiction).

8.     This Court has personal jurisdiction over all Defendants under Virginia's long-arm statute, Va. Code § 8.01-328.1(A)(1) (jurisdiction exists where Defendant was "[t]ransacting any business" in Virginia), in that Defendants were at all material times the employers of Plaintiffs, all of whom are residents of Virginia who were recruited and retained in Virginia to work for Defendants in Maryland. "The function of [Virginia's] long-arm statute is to assert [*in personam*] jurisdiction over nonresidents who engage in some purposeful activity in Virginia, to the extent permissible under the Due Process Clause of the Constitution of the United States." *Nan Ya Plastics Corp. U.S.A. v. DeSantis*, 237 Va. 255, 259, 377 S.E. 2d 388, 391 (1989).  Thus, because Defendants' contacts with Virginia as described in this Complaint satisfy due process, they also satisfy Virginia's long-arm statute. *See Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396-97 (4th Cir. 2003). (recognizing that, in such circumstances, the court's "statutory inquiry merges with [its] constitutional inquiry."). All of the non-resident Defendants in this action had "certain minimum contacts" with Virginia "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945) (internal citations omitted). In particular, specific jurisdiction over the non-resident Defendants exists herein because (1) those Defendants purposely availed themselves of the privilege of conducting activity in this Commonwealth by recruiting Plaintiffs in Virginia to work for them in Maryland; (2) this suit arises out of or is related to all of Defendants' contacts with Virginia as set forth in this Complaint; and (3) exercise of personal jurisdiction over the non-resident Defendants is "constitutionally reasonable." *See Christian Sci. Bd. of Dirs. of the First Church of Christ, Scientist v. Nolan*, 259 F. 3d 209, 216 (4th Cir. 2001) (internal quotations omitted).

9.      Venue is proper in the Eastern District of Virginia pursuant to 28 U.S.C. § 1391

because, as set forth in this Complaint, a substantial part of the events or omissions giving rise to

Plaintiffs' claims occurred in this District. In particular, all of Plaintiffs were recruited in

Virginia by Defendant King Deck.  Defendant King Deck is a Virginia corporation that, together

with Defendants Jose Ricardo Chavez Mendoza (hereinafter "Mendoza"), Verizon, and NTI,

LLC (hereinafter "NTI") was a joint employer of Plaintiffs within the meaning of 29 C.F.R. §

791.2(b).  Defendants, acting as joint employers, transported Plaintiffs from Virginia to

worksites in Maryland, and then back to Virginia, on a daily basis in vans bearing the corporate

logos "Verizon" and "NTI."

## III.   PARTIES

*Plaintiffs*

10.     Plaintiff Jorge Leonel Raymundo Cruz resides in Alexandria, Virginia.  He

worked for Defendants King Deck, Mendoza, NTI, and Verizon performing services for the

benefit of Defendant Verizon beginning on or about November 26, 2006, and continuing until in

or around August 2010. For the reasons set forth herein, Plaintiff Jorge Leonel Raymundo Cruz

was jointly employed by Defendants King Deck, Mendoza, NTI, and Verizon. Defendants failed

to pay Plaintiff Jorge Leonel Raymundo Cruz the wages due for all the work he performed as

required by the FLSA, the Maryland Wage Payment and Collection Act, and the Maryland Wage

and Hour Law.  In addition, Plaintiff Jorge Leonel Raymundo Cruz worked in excess of 40 hours

per week, but received no overtime compensation as required by Maryland state and federal

wage laws.

11.     Plaintiff Ramon Raymundo Lopez resides in Alexandria, Virginia. He worked for

Defendants King Deck, NTI, and Verizon performing services for the benefit of Verizon from in

or around September 2008 and continuing until in or around August 2010. For the reasons set forth herein, Plaintiff Ramon Raymundo Lopez was jointly employed by Defendants King Deck, Mendoza, NTI, and Verizon. Defendants failed to pay Plaintiff Ramon Raymundo Lopez the wages due for all the work he performed as required by the FLSA, the Maryland Wage Payment and Collection Act, and the Maryland Wage and Hour Law. In addition, Plaintiff Ramon Raymundo Lopez worked in excess of 40 hours per week, but received no overtime compensation as required by state and federal wage laws.

12.     Plaintiff Wilder Orlando Escobar Raymundo resides in Alexandria, Virginia. He worked for Defendants King Deck, Mendoza, NTI, and Verizon performing services for the benefit of Verizon beginning on or about August 23, 2006, and continuing for approximately four years until in or around August 2010. For the reasons set forth herein, Plaintiff Wilder Orlando Escobar Raymundo was jointly employed by Defendants King Deck, Mendoza, NTI, and Verizon. Defendants failed to pay Plaintiff Wilder Orlando Escobar Raymundo the wages due for all the work he performed as required by the FLSA, the Maryland Wage Payment and Collection Act, and the Maryland Wage and Hour Law.  In addition, Plaintiff Wilder Orlando Escobar Raymundo worked in excess of 40 hours per week, but received no overtime compensation as required by state and federal wage laws.

13.     Plaintiff Luis Alberto Lopez Contreras resides in Alexandria, Virginia. He worked for Defendants King Deck, Mendoza, NTI and Verizon, performing services for the benefit of Verizon beginning in or around January 2007, and continuing for approximately four years until in or around August 2010. For the reasons set forth herein, Plaintiff Luis Alberto Lopez Contreras was jointly employed by Defendants King Deck, Mendoza, NTI, and Verizon. Defendants failed to pay Plaintiff Luis Alberto Lopez Contreras the wages due for all the work

he performed as required by the FLSA, the Maryland Wage Payment and Collection Act, and the Maryland Wage and Hour Law. In addition, Plaintiff Luis Alberto Lopez Contreras worked in excess of 40 hours per week, but received no overtime compensation as required by state and federal wage laws.

14.     Plaintiff Byron R. Lopez resides in Alexandria, Virginia. He worked for Defendants King Deck, Mendoza, NTI, and Verizon performing services for the benefit of Verizon beginning on or about November 26, 2006, and continuing for approximately four years until in or around August 2010. For the reasons set forth herein, Plaintiff Byron R. Lopez was jointly employed by Defendants King Deck, Mendoza, NTI, and Verizon. Defendants failed to pay Plaintiff Byron R. Lopez the wages due for all the work he performed as required by the FLSA, the Maryland Wage Payment and Collection Act, and the Maryland Wage and Hour Law. In addition, Plaintiff Byron R. Lopez worked in excess of 40 hours per week, but received no overtime compensation as required by state and federal wage laws.

15.     Plaintiff Edgar E. Alay Lopez resides in Alexandria, Virginia. He worked for Defendants King Deck, Mendoza, NTI, and Verizon performing services for the benefit of Verizon beginning on or about January 3, 2009, and continuing until March 3, 2010. For the reasons set forth herein, Plaintiff Edgar E. Alay Lopez was jointly employed by Defendants King Deck, Mendoza, NTI, and Verizon. Defendants failed to pay Plaintiff Edgar E. Alay Lopez the wages due for all the work he performed as required by the FLSA, the Maryland Wage Payment and Collection Act, and the Maryland Wage and Hour Law. In addition, Plaintiff Edgar E. Alay Lopez worked in excess of 40 hours per week, but received no overtime compensation as required by state and federal wage laws.

16.    Plaintiff Jose Luis Esquivel Hernandez resides in Alexandria, Virginia. He worked for Defendants King Deck, Mendoza, NTI, and Verizon performing services for the benefit of Verizon beginning on or about March 3, 2008, until in or around August 2010. For the reasons set forth herein, Plaintiff Jose Luis Esquivel Hernandez was jointly employed by Defendants King Deck, Mendoza, NTI, and Verizon. Defendants failed to pay Plaintiff Jose Luis Esquivel Hernandez the wages due for all the work he performed as required by the FLSA, the Maryland Wage Payment and Collection Act, and the Maryland Wage and Hour Law.   In addition, Plaintiff Jose Luis Esquivel Hernandez worked in excess of 40 hours per week, but received no overtime compensation as required by state and federal wage laws.

17.    Plaintiff Nery Alfredo Lopez Yanes resides in Alexandria, Virginia. He worked for Defendants King Deck, Mendoza, NTI, and Verizon performing services for the benefit of Verizon beginning on or about September 29, 2009, and continuing until in or around August 2010. For the reasons set forth herein, Plaintiff Nery Alfredo Lopez Yanes was jointly employed by Defendants King Deck, Mendoza, NTI, and Verizon. Defendants failed to pay Plaintiff Nery Alfredo Lopez Yanes the wages due for all the work he performed as required by the FLSA, the Maryland Wage Payment and Collection Act, and the Maryland Wage and Hour Law. In addition, Plaintiff Nery Alfredo Lopez Yanes worked in excess of 40 hours per week, but received no overtime compensation as required by state and federal wage laws.

18.    Plaintiff Policarpo Marquez resides in Alexandria, Virginia. He worked for Defendants King Deck, Mendoza, NTI, and Verizon performing services for the benefit of Verizon beginning on or about September 19, 2007, and continuing until in or around August 2010. For the reasons set forth herein, Plaintiff Policarpo Marquez was jointly employed by Defendants King Deck, Mendoza, NTI, and Verizon. Defendants failed to pay Plaintiff Policarpo

9

Marquez the wages due for all the work he performed as required by the FLSA, the Maryland Wage Payment and Collection Act, and the Maryland Wage and Hour Law. In addition, Plaintiff Policarpo Marquez worked in excess of 40 hours per week, but received no overtime compensation as required by state and federal wage laws.

19.   Plaintiff Milton Rene Teo Gonzalez resides in Alexandria, Virginia. He worked for Defendants King Deck, Mendoza, NTI, and Verizon performing services for the benefit of Verizon beginning on or about August 23, 2006, and continuing until in or around August 2010. For the reasons set forth herein, Plaintiff Milton Rene Teo Gonzales was jointly employed by Defendants King Deck, Mendoza, NTI, and Verizon. Defendants failed to pay Plaintiff Milton Rene Teo Gonzalez the wages due for all the work he performed as required by the FLSA, the Maryland Wage Payment and Collection Act, and the Maryland Wage and Hour Law. In addition, Plaintiff Milton Rene Teo Gonzalez worked in excess of 40 hours per week, but received no overtime compensation as required by state and federal wage laws.

20.   Plaintiff Gilmer Lopez Cruz resides in Alexandria, Virginia. He worked for Defendants King Deck, Mendoza, NTI, and Verizon performing services for the benefit of Verizon beginning on or about August 8, 2006, and continuing until November 26, 2010. For the reasons set forth herein, Plaintiff Gilmer Lopez Cruz was jointly employed by Defendants King Deck, Mendoza, NTI, and Verizon. Defendants failed to pay Plaintiff Gilmer Lopez Cruz the wages due for all the work he performed as required by the FLSA, the Maryland Wage Payment and Collection Act, and the Maryland Wage and Hour Law. In addition, Plaintiff Gilmer Lopez Cruz worked in excess of 40 hours per week, but received no overtime compensation as required by state and federal wage laws.

21.     Plaintiff Yuri Alexander Lopez Lopez resides in Alexandria, Virginia. He worked for Defendants King Deck, Mendoza, NTI, and Verizon performing services for the benefit of Verizon beginning on or about April 10, 2008 and continuing until in or around September 2010. For the reasons set forth herein, Plaintiff Yuri Alexander Lopez Lopez was jointly employed by Defendants King Deck, Mendoza, NTI, and Verizon. Defendants failed to pay Plaintiff Yuri Alexander Lopez Lopez the wages due for all the work he performed as required by the FLSA, the Maryland Wage Payment and Collection Act, and the Maryland Wage and Hour Law.  In addition, Plaintiff Yuri Alexander Lopez Lopez worked in excess of 40 hours per week, but received no overtime compensation as required by state and federal wage laws.

22.     Plaintiff Waldemar Alonzo Guzman resides in Alexandria, Virginia. He worked for Defendants King Deck, Mendoza, NTI, and Verizon performing services for the benefit of Verizon beginning on or about June 20, 2007, and continuing until August 15, 2010. For the reasons set forth herein, Plaintiff Waldemar Alonzo Guzman was jointly employed by Defendants King Deck, Mendoza, NTI, and Verizon. Defendants failed to pay Plaintiff Waldemar Alonzo Guzman the wages due for all the work he performed as required by the FLSA, the Maryland Wage Payment and Collection Act, and the Maryland Wage and Hour Law. In addition, Plaintiff Waldemar Alonzo Guzman worked in excess of 40 hours per week, but received no overtime compensation as required by state and federal wage laws.

23.     Plaintiff Francisco Armando Raymundo Cruz resides in Alexandria, Virginia. He worked for Defendants King Deck, Mendoza, NTI, and Verizon performing services for the benefit of Verizon beginning prior to June 3, 2008, and continuing until in or around August 2010. For the reasons set forth herein, Plaintiff Francisco Armando Raymundo Cruz was jointly employed by Defendants King Deck, Mendoza, NTI, and Verizon. Defendants failed to pay

11

Plaintiff Francisco Armando Raymundo Cruz the wages due for all the work he performed as required by the FLSA, the Maryland Wage Payment and Collection Act, and the Maryland Wage and Hour Law.  In addition, Plaintiff Francisco Armando Raymundo Cruz worked in excess of 40 hours per week, but received no overtime compensation as required by state and federal wage laws.

24.     Plaintiff Carlos Roberto Esquivel Ramirez resides in Alexandria, Virginia. He worked for Defendants King Deck, Mendoza, NTI, and Verizon performing services for the benefit of Verizon beginning on or about October 4, 2007, and continuing until August 15, 2010. For the reasons set forth herein, Plaintiff Carlos Roberto Esquivel Ramirez was jointly employed by Defendants King Deck, Mendoza, NTI, and Verizon. Defendants failed to pay Plaintiff Carlos Roberto Esquivel Ramirez the wages due for all the work he performed as required by the FLSA, the Maryland Wage Payment and Collection Act, and the Maryland Wage and Hour Law.  In addition, Plaintiff Carlos Roberto Esquivel Ramirez worked in excess of 40 hours per week, but received no overtime compensation as required by state and federal wage laws.

25.     Plaintiff Romeo Raymundo Lopez resides in Alexandria, Virginia. He worked for Defendants King Deck, Mendoza NTI, and Verizon performing services for the benefit of Verizon beginning in or around February 2006 and continuing until August 2010. For the reasons set forth herein, Plaintiff Romeo Raymundo Lopez was employed by Defendants King Deck, Mendoza, NTI, and Verizon. Defendants failed to pay Plaintiff Romeo Raymundo Lopez the wages due for all the work he performed as required by the FLSA, the Maryland Wage Payment and Collection Act, and the Maryland Wage and Hour Law.  In addition, Plaintiff Romeo Raymundo Lopez worked in excess of 40 hours per week, but received no overtime compensation as required by state and federal wage laws.

26.  Plaintiff Guillermo Rodriguez resides in Sterling, Virginia. He worked for Defendants King Deck, Mendoza, NTI, and Verizon performing services for the benefit of Verizon beginning in or around January 2009 and continuing until May 2010. For the reasons set forth herein, Plaintiff Guillermo Rodriguez was employed by Defendants King Deck, Mendoza, NTI, and Verizon. Defendants failed to pay Plaintiff Guillermo Rodriguez the wages due for all the work he performed as required by the FLSA, the Maryland Wage Payment and Collection Act, and the Maryland Wage and Hour Law. In addition, Plaintiff Guillermo Rodriguez worked in excess of 40 hours per week, but received no overtime compensation as required by state and federal wage laws.

27.  Plaintiff Jaime Donai Raymundo Carillo resides in Alexandria, Virginia. He worked for Defendants King Deck, Mendoza, NTI, and Verizon performing services for the benefit of Verizon beginning on or about August 8, 2006, and continuing until August 15, 2010. For the reasons set forth herein, Plaintiff Jaime Donai Raymundo Carillo was employed by Defendants King Deck, Mendoza, NTI, and Verizon. Defendants failed to pay Plaintiff Jaime Donai Raymundo Carillo the wages due for all the work he performed as required by the FLSA, the Maryland Wage Payment and Collection Act, and the Maryland Wage and Hour Law. In addition, Plaintiff Jaime Donai Raymundo Carillo worked in excess of 40 hours per week, but received no overtime compensation as required by state and federal wage laws.

28.  Plaintiff Juan Misael Carias resides in Alexandria, Virginia. He worked for Defendants King Deck, Mendoza, NTI, and Verizon performing services for the benefit of Verizon beginning in or around June 2008, and continuing until January 2010. For the reasons set forth herein, Plaintiff Juan Misael Carias was employed by Defendants King Deck, Mendoza, NTI, and Verizon. Defendants failed to pay Plaintiff Juan Misael Carias the wages due for all the

work he performed as required by the FLSA, the Maryland Wage Payment and Collection Act, and the Maryland Wage and Hour Law. In addition, Plaintiff Juan Misael Carias worked in excess of 40 hours per week, but received no overtime compensation as required by state and federal laws.

29.     Plaintiff Rony Misael Lopez Contreras resides in Alexandria, Virginia. He worked for Defendants King Deck, Mendoza, NTI, and Verizon performing services for the benefit of Verizon beginning in or around June 2008, and continuing until January 2010. For the reasons set forth herein, Plaintiff Rony Misael Lopez Contreras was employed by Defendants King Deck, Mendoza, NTI, and Verizon. Defendants failed to pay Plaintiff Rony Misael Lopez Contreras the wages due for all the work he performed as required by the FLSA, the Maryland Wage Payment and Collection Act, and the Maryland Wage and Hour Law. In addition, Plaintiff Rony Misael Lopez Contreras worked in excess of 40 hours per week, but received no overtime compensation as required by state and federal laws.

30.     Plaintiff Edwin Arturo Cruz resides in Alexandria, Virginia. He worked for Defendants King Deck, Mendoza, NTI, and Verizon performing services for the benefit of Verizon beginning in or around April 2005, and continuing until August 2010. For the reasons set forth herein, Plaintiff Edwin Arturo Cruz was employed by Defendants King Deck, Mendoza, NTI, and Verizon. Defendants failed to pay Plaintiff Edwin Arturo Cruz the wages due for all the work he performed as required by the FLSA, the Maryland Wage Payment and Collection Act, and the Maryland Wage and Hour Law. In addition, Plaintiff Edwin Arturo Cruz worked in excess of 40 hours per week, but received no overtime compensation as required by state and federal laws.

14

*Defendants*

31.     Defendant King Deck is a Virginia corporation maintaining its principal place of business in Woodbridge, Virginia. At all times relevant to this action, Defendant King Deck has been an enterprise engaged in interstate commerce within the meaning of the FLSA, the Maryland Wage Payment and Collection Act, and the Maryland Wage and Hour Law. Defendant King Deck has, at all material times, been an employer of Plaintiffs within the meaning of the FLSA, the Maryland Wage Payment and Collection Act, and Maryland Wage and Hour Law.

32.     Defendant Mendoza is the President of Defendant King Deck and, on information and belief, is an owner of that business entity. Defendant Mendoza is an "employer" within the meaning of the FLSA, the Maryland Wage Payment and Collection Act, and the Maryland Wage and Hour Law in that he exercised economic and operational control over the employment relationship with Plaintiffs. *See Boucher v. Shaw*, 572 F.3d 1087 (9th Cir. 2009); *Chao v. Hotel Oasis, Inc.*, 493 F.26, 34 (1st Cir. 2007) (holding corporation's president personally liable under FLSA where he had ultimate control over business's day-to-day operations and was corporate officer principally in charge of directing employment practices); *United States Dept. of Labor v. Cole Enter., Inc.*, 62 F. 3d 775, 778-79 (6th Cir. 1995) (president and 50 percent owner was "employer" within meaning of FLSA where he ran business, issued checks, maintained records, determined employment practices and was involved in scheduling hours, payroll and hiring employees). In particular, Defendant Mendoza has a significant ownership interest in Defendant King Deck, with operational control of significant aspects of that corporation's day-to-day functions; the power to hire and fire employees; the power to determine wages, issue pay, schedule hours; and the responsibility to maintain employment

records. He was the corporate officer principally in charge of directing employment practices for Defendant King Deck.

33.     Defendant NTI is a Maryland corporation with its principal place of business in Rockville, Maryland. Upon information and belief, Defendant NTI has, at all times relevant to this action, been an enterprise engaged in interstate commerce within the meaning of the FLSA, the Maryland Wage Payment and Collection Act, and the Maryland Wage and Hour Law. For the reasons set forth herein, Defendant NTI has, at all material times, been a joint employer of Plaintiffs within the meaning of the FLSA, the Maryland Wage Payment and Collection Act, and Maryland Wage and Hour Law.

34.     Defendant Verizon is a Maryland corporation with its principal place of business in Baltimore, Maryland. Upon information and belief, Defendant Verizon has, at all material times relevant to this action, been an enterprise engaged in interstate commerce within the meaning of the FLSA, the Maryland Wage Payment and Collection Act, and the Maryland Wage and Hour Law.  Defendant Verizon has, at all material times, been a joint employer of Plaintiffs within the meaning of the FLSA, the Maryland Wage Payment and Collection Act, and Maryland Wage and Hour Law.

IV.     GENERAL ALLEGATIONS

35.     In 2004, Verizon Communications Inc. began to build a multibillion dollar fiber optic services (FiOS) network to improve telephone, television, and internet service to its customers. Verizon contracted with various companies, including Defendant NTI, to dig trenches and install fiber-optic cable conduit and related equipment to extend the FiOS network to homes and businesses in various states, including Maryland.

16

36.     Defendant NTI, in turn, contracted with Defendant King Deck, which provided the labor to perform the work.

37.     Defendants, as employers or joint employers, recruited and/or hired Plaintiffs in Virginia to provide unskilled labor to fulfill Defendant NTI's obligations under its contract with Verizon.

38.     Prior to beginning work, Plaintiffs were required to attend training sessions conducted by personnel of Defendants Verizon and NTI at Verizon and NTI facilities. This training included sessions lasting two to three days conducted at Verizon's facility in Glen Burnie, Maryland. Plaintiffs were not compensated for any of this training time. At the conclusion of the Verizon and NTI training, Defendant NTI issued to each of Plaintiffs a plastic "Safe Dig and NTI Compliant" identification badge displaying their photographs, identification numbers, and bearing the phrase "Contractor for Verizon." These badges were issued to Plaintiffs in the NTI building. At the conclusion of the training conducted in Verizon's facility, Verizon issued similar badges to Plaintiffs in the Verizon building.  Identification badges for seven of the named Plaintiffs display the Verizon corporate logo.

39.     At the beginning of each work day Verizon personnel asked to inspect each Plaintiff's personal "Safe Dig and NTI Compliant" identification badge before permitting that Plaintiff to commence work. If a Plaintiff had neglected to bring his badge to work that day, sometimes the Verizon supervisor would send him home, and he would receive no pay for that day. During the course of their employment, a Verizon supervisor told Plaintiffs, through an NTI translator: "If you don't have your ID when you show up to work, you won't work for a week. If it happens a second time, you'll be fired." On other such occasions when a Plaintiff had neglected to bring his identification badge to the Verizon work site, the Verizon supervisor

17

would ask for Plaintiff's identification number and, if that Plaintiff had memorized his

identification number, check the number provided by that Plaintiff against a list maintained by

Verizon. If the number matched the number in Verizon's records for that employee, he would be

permitted by Verizon to work that day.

40.    Once the work began, Defendants King Deck and Mendoza provided the

necessary digging equipment used by Plaintiffs to perform their work. As part of the integrated

operation, NTI provided the air compressors used in the production process, and Verizon

provided fiber cable, cable boxes, and piping.

41.    The labor provided by Plaintiffs was an integral part of Verizon's FiOs project

and of the business of NTI and Verizon.

42.    Together with Verizon, Defendants NTI, King Deck, and Mendoza, in their

capacities as joint employers, controlled or supervised the work performed by Plaintiffs. For

example, both NTI and Verizon supervisors, through translators, often told Plaintiffs when to

stop work. Verizon supervisors also frequently told Plaintiffs not to show up for work the

following day. On some occasions, Plaintiffs were directly instructed by Verizon supervisors to

perform tasks usually performed by employees on the Verizon payroll, such as hooking up cable

to boxes, installing pipe, inserting fiber cable in pipes, and installing detectors over pipes. When

performing these tasks, Plaintiffs were supervised directly by Verizon supervisors.

43.    At all times relevant to this action, Defendant NTI's supervisors and Defendant

Verizon's supervisors were present at Verizon worksites on a daily basis.

44.    On multiple occasions, Defendant NTI's supervisors and Defendant Verizon's

supervisors instructed Plaintiffs how to avoid gas pipes and water lines while they were digging.

During these interactions, NTI and Verizon supervisors spoke either directly with Plaintiffs or through bilingual employees of the other Defendants King Deck and Mendoza.

45.     At all times relevant to this action, Defendant NTI and Verizon had the authority to control Plaintiffs' work and to direct and change the course of their work plan. For example, on occasions when the utility company had not marked areas where Plaintiffs could or couldn't dig at a particular worksite, Verizon supervisors sent Plaintiffs home. Plaintiffs were not paid anything on those occasions. Plaintiffs recognized the authority of the NTI and Verizon supervisors and obeyed all instructions.

46.     Upon information and belief, Defendants NTI and Verizon had the authority to fire Plaintiffs.

47.     Defendants King Deck, Mendoza, NTI and Verizon, as employers or joint employers, willfully violated Plaintiffs' rights by failing to pay them the wages they were owed, including minimum, promised, and overtime wages.

48.     Defendants King Deck, Mendoza, NTI and Verizon, as employers or joint employers, required Plaintiffs to report for work every day unless they had been specifically instructed otherwise. On some mornings when Plaintiffs reported to work, Defendants King Deck, Mendoza, NTI, and Verizon sent them home due to inclement weather or because Verizon had not marked particular areas for digging. Plaintiffs did not receive any compensation for these days.

49.     Plaintiffs employed by Defendants King Deck, Mendoza, NTI and Verizon were picked up in Virginia very early every work day in a van owned by NTI, which transported them to the NTI tool yard. The van bore both NTI's name and Verizon's corporate logo on the side of the vehicle. In addition to tools, Plaintiffs would retrieve maps, blueprints, and diagrams from

the NTI tool yard. These maps, diagrams and blueprints instructing Plaintiffs where to dig

trenches for installation of fiber optic cable were prepared by Defendant Verizon to coordinate

the production process of which Plaintiffs were a part, and the originals of these documents were

retained by Defendant Verizon and used to direct the overall project. After Plaintiffs loaded the

tools into the van and received their instructions for the day, they traveled to the worksite in the

NTI van, usually arriving at a worksite before 7:00 AM. The workday always continued until it

became too dark to work, and in the summer months until as late as 9:00 PM. When Plaintiffs

were paid anything for their work, they received either $120 or $150 a day, regardless of the

number of hours worked or the number of trenches completed. Plaintiffs worked overtime hours

almost every day that they worked, but they were never paid any overtime premium.

50.     On some occasions when a Plaintiff damaged utility pipes in the course of his

digging, an NTI or Verizon supervisor would direct that this Plaintiff be suspended from work

the following day or sent home without pay that day. For example, Plaintiff Policarpo Marquez

was instructed to leave the work site without pay for that day when he cut off a non-functioning

cable.

51.     Plaintiffs frequently worked for all Defendants in excess of 40 hours per week.

Under § 207 of the FLSA, all hours worked by Plaintiffs in excess of 40 hours per week are

"overtime" hours, payable at a rate of one and one-half times the regular hourly rate. Defendants

failed to pay Plaintiffs in full for overtime work, compensation to which they were entitled under

federal and state law. Defendants' denial of overtime compensation to Plaintiffs and other

similarly-situated employees was willful and deliberate.

## V.   COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

52.     This action is maintainable as an "opt-in" collective action pursuant to the FLSA, 29 U.S.C § 216(b), as to claims for unpaid minimum wages, unpaid overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA

53.     Named Plaintiffs bring the FLSA claims on their own behalf and on behalf of other similarly-situated workers employed on the Verizon FiOS project by Defendants, as employers or joint employers, who were denied minimum wages and/or proper overtime compensation over the last three years prior to the filing of this Complaint and through the final disposition of this action.

54.     The class of individuals on behalf of whom the Named Plaintiffs bring his collective action are similarly-situated because they have been or are employed in the same or similar positions as the Named Plaintiffs, were or are subject to the same or similar unlawful practices, and have claims based upon the same legal theory.

55.     These similarly-situated employees are known only to Defendants, are readily identifiable, and may be located through Defendants' records. They may readily be notified of this action, and allowed to opt into it pursuant to 29 U.S.C § 216(b), for the purpose of collectively adjudicating their claims for unpaid minimum wages, unpaid overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

56.     Upon information and belief, Defendants violated the FLSA by failing to post notices advising their employees of their right to overtime pay "in conspicuous places in every establishment where such employees are employed so as to permit them to observe readily a copy." 29 C.F. R § 516.4.

57.     As a result, any statute of limitations applicable to the Named Plaintiffs and to the

Class Members' FLSA claims are equitably tolled for the period that Defendants were in

violation of their posting obligations.

VI.     CLASS ACTION ALLEGATIONS UNDER MARYLAND AND WAGE LAWS

58.     Named Plaintiffs bring this action as a class action pursuant to Fed. R. Civ P. 23

on behalf of themselves and a class of all other non-exempt workers employed on the Verizon

FiOS project by Defendants, as employers or joint employers, at any time over the last three

years prior to the filing of this Complaint and through the final disposition of this action, who

have not been paid their promised wage rate and/or the state minimum wage for all hours worked

under 40 hours per week and/or who have not been paid overtime for all hours that exceed 40 per

week.

59.     The potential members of the class are so numerous that joinder of all of them is

not viable. The class is believed to include at least 50 members, who are geographically

dispersed throughout the Washington, DC, region, making individual notice of such a large

group impracticable. The relatively small size of the individual claims, as well as the indigence

and migratory nature of the Class Members, makes the maintenance of separate actions by each

class member economically infeasible.

60.     There are significant questions of law and fact common to the class, including

whether Defendants have violated the Maryland Wage Payment and Collection Act and the

Maryland Wage and Hour Law.

61.     Named Plaintiffs' claims are typical of the claims of the Class Members.

62.     Named Plaintiffs will fairly and adequately represent and protect the interest of the Class Members. Named Plaintiffs' counsel is competent and experienced in litigating complex litigation matters, including wage and hour cases like this one.

63.     Because Defendants have acted on grounds generally applicable to the class, making declaratory and injunctive relief appropriate, Plaintiffs also meet the preprequisites of Fed. R. Civ. P. 23(b)(2)

64.     Because common questions of law and fact predominate over any questions affecting only individual members of the class, class status is the superior method of handling this case. Fed. R. Civ. P. 23(b)(3).

## COUNT I

### FAIR LABOR STANDARDS ACT

#### (Denial of Overtime Compensation under Federal Law)

65.     Plaintiffs repeat and incorporate by reference the allegations set forth above.

66.     Defendants violated the FLSA by knowingly failing to compensate Plaintiffs at a rate of one and one-half times their regualar hourly rate for hours worked in excess of 40 hours per week in violation of 29 U.S.C § 207 (a)(1).

67.     Defendants failed to make, keep, and preserve records of the hours worked by Plaintiffs and other similarly-situated employees as required by § 11(c) of the FLSA, 29 U.S.C. § 217. Accordingly, the work performed by Plaintiffs is unrecorded in any time and earnings records maintained by Defendants.

68.     Defendants' actions were willful.

69.     Defendants are liable to Plaintiffs and all other similarly-situated employees, under 29 U.S.C. § 216(b) of the FLSA, for their unpaid overtime compensation, plus an

additional equal amount as liquidated damages, reasonable attorneys' fees and costs, and any other relief deemed appropriate by the court.

## COUNT II

### FAIR LABOR STANDARDS ACT

#### (Denial of Minimum Wage under Federal Law)

70.    Plaintiffs repeat and incorporate by reference the allegations set forth above.

71.    At times material to this action Defendants violated the FLSA by knowingly failing to pay Plaintiffs the federal minimum wage in violation of 29 U.S. C. § 206.

72.    Defendants actions were willful.

73.    At times material to this action, Defendants violated the FLSA by knowingly failing to pay Plaintiffs the federal minimum wage in violation of 29 U.S. C. § 206 of the FLSA, for their unpaid minimum wages, plus an additional equal amount as liquidated damages, reasonable attorneys' fees and costs, and any other relief deemed appropriate by the court.

## COUNT III

### MARYLAND WAGE PAYMENT AND COLLECTION ACT

#### (Failure to Pay Promised Wage for All Hours Worked)

74.    Plaintiffs repeat and incorporate by reference the allegations set forth above.

75.    Pursuant to Md. Code Ann., Lab. & Empl. §§ 3-502 and 3-504, employers such as Defendants must give notice of the regular rate of pay and pay that promised rate for all hours worked in every pay period.

76.    Defendants failed to pay Plaintiffs their promised wage rate for all hours worked.

77.    Defendants failed to pay Plaintiffs their wages willfully and in bad faith and not as a result of a bona fide dispute.

78.     Pursuant to Md. Code Ann., Lab. & Empl. § 3-507.1, Plaintiffs seek their unpaid wages, treble damages, interest, reasonable counsel fees and costs, and any other relief deemed appropriate by the court.

## COUNT IV

## MARYLAND WAGE PAYMENT AND COLLECTION ACT

### (Failure to Pay Compensation Due for All Hours Worked)

79.     Plaintiffs repeat and incorporate by reference the allegations set forth above.

80.     Pursuant to Md. Code Ann., Lab. & Empl. §§ 3-502 and 3-505, employers such as Defendants must pay their employees all wages due for work performed before the termination of employment.

81.     Defendants failed to pay Plaintiffs all wages due for work performed, including minimum wages and overtime compensation, in violation of Md. Code Ann., Lab. & Empl. §§3-502 and 3-505.

82.     Defendants failed to pay Plaintiffs their wages willfully and in bad faith and not as a result of a bona fide dispute.

83.     Pursuant to Md. Code Ann., Lab. & Empl. § 3-507.1, Plaintiffs seek their unpaid wages, treble damages, interest, reasonable counsel fees and costs, and any other relief deemed appropriate by the court.

## COUNT V

## MARYLAND WAGE AND HOUR LAW

### (Denial of Overtime Compensation under Maryland Law)

84.     Plaintiffs repeat and incorporate by reference the allegations set forth above.

85.     Defendants failed to pay Plaintiffs an overtime wage of at least one and one-half times their usual hourly wage for each hour in excess of 40 hours per week, in violation of Md. Code Ann., Lab. & Empl. § 3-415(a).

86.     Defendants are liable to Plaintiffs pursuant to §§ 3-427(a) and (d) of the Maryland Wage and Hour Law for their unpaid overtime compensation, plus interest, reasonable counsel fees and costs, and any other relief deemed appropriate by the court.

## COUNT VI

## MARYLAND WAGE AND HOUR LAW

### (Denial of Minimum Wage under Maryland Law)

87.     Plaintiffs repeat and incorporate by reference the allegations set forth above.

88.     At times material to this action, Defendants failed to pay Plaintiffs a wage rate that equals a rate of $7.25 per hour, in violation of Md. Code Ann., Lab. & Empl. § 3-413(b).

89.     Defendants are liable to Plaintiffs pursuant to §§ 3-427(a) and (d) of the Maryland Wage and Hour Law for their unpaid minimum wages, plus interest, costs, reasonable counsel fees, and any other relief deemed appropriate by the court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this court:

a.     Enter a declaratory judgment that Defendants' violated Plaintiffs rights under the FLSA, the Maryland Wage Payment and Collection Act, and the Maryland Wage and Hour Law;

b.     Enjoin Defendants to comply with all applicable federal and state wage laws;

c.     Award to each Plaintiff his unpaid minimum and overtime wages plus liquidated damages as required by the FLSA;

d.      Award to each Plaintiff his unpaid minimum and overtime wages plus treble

damages under Maryland law;

e.      Award Plaintiffs pre-judgment interest on all amounts owed;

f.      Award Plaintiffs their costs and reasonable attorneys' fees incurred in this action,

as provided in 29 U.S.C. § 216(b), Md. Code Ann., Lab. & Empl. § 3-507.1 and Md. Code Ann.,

Lab. & Empl. § 3-427(d);

g.      Grant such other and further relief as the court may deem just and proper.


LEISER, LEISER & HENNESSY, PLLC


By: Thomas F. Hennessy, Esquire
8229 Boone Blvd., Suite 310
Vienna, Virginia 22182
tfhennessy@leiserlaw.com
(703) 734-5000, EXT 103
FAX: (703) 734-6000
Va. Bar No.: 32850